IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

**<u>UNITED STATES' PROPOSED JURY INSTRUCTIONS</u>**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-styled case.

Respectfully submitted this the 18th day of December, 2006.

                                            LEURA G. CANARY
                                            UNITED STATES ATTORNEY

                                            s/Tommie Brown Hardwick
                                            TOMMIE BROWN HARDWICK
                                            One Court Square, Suite 201
                                            Montgomery, AL 36104
                                            Phone: (334) 223-7280
                                            Fax: (334) 223-7135
                                            E-mail: tommie.hardwick@usdoj.gov
                                            ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:06cr266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Jennifer Hart, Esquire.

Respectfully submitted,

s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 2.2

**DUTY TO FOLLOW INSTRUCTIONS
PRESUMPTION OF INNOCENCE
(WHEN ANY DEFENDANT DOES NOT TESTIFY)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 3

**DEFINITION OF REASONABLE DOUBT**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 4.2

**CONSIDERATION OF THE EVIDENCE, DIRECT AND CIRCUMSTANTIAL – ARGUMENT OF COUNSEL AND COMMENTS BY THE COURT**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 5

**CREDIBILITY OF WITNESSES**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 6.6

**IMPEACHMENT AND INCONSISTENT STATEMENT AND FELONY CONVICTION (DEFENDANT TESTIFIES WITH FELONY CONVICTION)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 7

**EXPERT WITNESSES**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Eleventh Circuit Pattern Jury Instructions, Criminal

Special Instruction No. 6

**POSSESSION**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Eleventh Circuit Pattern Jury Instructions, Criminal

Offense Instruction No. 30.6

**POSSESSION OF FIREARM BY A CONVICTED FELON**

**18 U.S.C. § 922(g)**

Title 18, United States Code, Section 922(g), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt.

First:  That the Defendant knowingly possessed a firearm in or affecting interstate commerce as charged; and

Second:  That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in one state and any place in another state.  It is not necessary for the government to prove that the defendant knew that the firearm had moved in interstate commerce before the defendant possessed it, only that it had made such movement.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 11

**DUTY TO DELIBERATE**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 12

**VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.