## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No.: 3:06cr266-WKW |
| ) | |
| **PAUL EUGENE WEBSTER** ) | |

### DEFENDANT'S REQUESTED THEORY OF DEFENSE INSTRUCTIONS

**NOW COMES** the Defendant, **PAUL EUGENE WEBSTER**, by and through undersigned counsel, Jennifer A. Hart, and requests that the Court give the attached Theory of Defense Instructions to the jury in the above-styled case.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 3:06cr266-WKW |
| | ) | |
| **PAUL EUGENE WEBSTER** | ) | |

## DEFENDANT'S THEORY OF DEFENSE INSTRUCTIONS

1. Justification Defense
2. Innocent Possession

**DEFENDANT'S REQUESTED THEORY OF DEFENSE INSTRUCTION NO. 1**

**JUSTIFICATION DEFENSE**

It is the theory of the Defendant Paul Webster that, if he possessed the firearm at issue in this case, his possession was justified under the circumstances of this case. You can find that the Defendant's possession of the firearm at issue was justified, and thus return a verdict of not guilty, if you find that the Defendant has proved, by a preponderance of the evidence, each of the following elements:

1. The defendant, or another, was under an unlawful and present, imminent, and impeding threat of death or serious bodily injury;

2. The defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct;

3. The defendant had no reasonable legal alternative to violating the law; and

4. That there was a direct casual relationship between the criminal action and avoidance of the threatened harm.

**Authority**: *United States v. Rice*, 214 F.3d 1295, 1296 (11th Cir. 2000); *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000); *United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir. 2000).

## DEFENDANT'S REQUEST THEORY OF DEFENSE INSTRUCTION NO. 2

### INNOCENT POSSESSION

Additionally, you may find the defendant not guilty of the offense if you find that the Defendant's possession of the firearm was innocent and transitory. In order to find that the Defendant not guilty under an innocent possession defense, you must find that:

1. The firearm was attained innocently and held with no illicit purpose; and

2. Possession of the firearm was transitory, that is, in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible.

**Authority:**   *United States v. Mason*, 233 F.3d 619 (D.C. Cir. 2001); *United States v. DeJohn*, 368 F.3d 533 (6th Cir 2004); see also *United States v. Montgomery*, 444 F.3d 1023 (8th Cir. 2006).

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tommie Hardwick, Assistant United States Attorney.

        Respectfully submitted,

        s/Jennifer A. Hart
        **JENNIFER A. HART**
        FEDERAL DEFENDERS
        MIDDLE DISTRICT OF ALABAMA
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        jennifer_hart@fd.org
        AL Bar Code: HAR189