IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06r266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

**UNITED STATES OBJECTION TO DEFENDANT'S PROPOSED**
**THEORY OF DEFENSE INSTRUCTIONS NUMBERS ONE AND TWO**

Comes now the United States of America and submits the following objection to the defendant's proposed theory of defense instructions number one and two for the reasons stated below:

**Background**

On November 16, 2006, a grand jury for the Middle District of Alabama returned a single-count indictment against Paul Eugene Webster, (hereinafter "Webster"). The indictment charged that, on or about November 2, 2006, in Lee County, Alabama, within the Middle District of Alabama, Webster, who had been previously convicted of a felony punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, knowingly possessed in and affecting commerce the following firearm: a Remington, model 550-1, .22 caliber rifle, all in violation of Title 18, United States Code, Section 922(g)(1).

**Pertinent Facts**

On November 1, 2006, at approximately 10:00 a.m., someone attempted to abduct Charles and Patricia Bailey's ten-year-old daughter, as she walked home from a neighbor.[1] The

---

[1] There is no evidence that Paul Eugene Bailey attempted to abduct the Bailey's daughter.

Baileys reported the incident to the Lee County Sheriff's Office at approximately 5:25 p.m. on the same day. At approximately 10:00 a.m., November 2, 2006, Defendant Webster came to the home of Charles and Patricia Bailey carrying, what Mr. Bailey described as a backpack, a sleeping bag, a tent, a .22 Remington and a pistol, that was stuck in the backpack. Webster asked Charles Bailey if he had any objections to him leaving the rifle with them for their protection. Mr. and Mrs. Bailey later learned from a neighbor that Webster had a prior felony convicted. The Baileys checked the Internet to verify that Webster did have a prior felony conviction. The Baileys became alarmed and called the police and reported the above offense.

### Legal Argument

On January 5, 2007, and on the eve of trial, the defense has filed two theories of defense instructions, namely, (1) a justification defense, and (2) an innocent possession defense. The government submits that both proposed theories of defense should be denied since they are not applicable to the facts of this case, and the Eleventh Circuit has not recognized the latter defense.

    A.    **Justification defense.**

This Court has ruled that the section 922(g) firearm prohibitions are strict liability offenses, and that a defendant's state of mind is irrelevant. See United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998); United States v. Thompson, 25 F.3d 1558, 1563-64 (11th Cir. 1994). A justification defense to the 922(g) offenses may, however, be established if the defendant can show four elements by a preponderance of the evidence - (1) that the defendant was under an unlawful and present, imminent, and an impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal

alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. Devereaux, 205 F.3d at 1297-98. Devereaux also limited the defense to those cases which present "extraordinary circumstances." Devereaux, 205 F.3d at 1298.

The government submits that Webster cannot meet his burden of establishing the four necessary elements to justify this court giving such an instruction to the jury. A review of the above facts make clear that Webster was not under any unlawful and present, imminent, and impending threat of death or serious bodily injury. The incident surrounding the Bailey's ten-year-old daughter happened a day earlier. The incident had already been reported to the Lee County Sheriff's Office, who are trained to investigate the attempted abduction of a child. Even if Webster had concerns about the safety of the Bailey child, or the Baileys family, there are no facts that would tend to show that anyone was under an imminent, and impending threat of death of serious bodily injury. Failing to meet the first element, we need go no further.

Notwithstanding, the defendant cannot establish the second element because the Webster negligently and recklessly placed himself in the middle of a criminal investigation. Moreover, the defendant possibly placed the Baileys is further danger by placing a firearm in their home. It is impossible for Webster to meet the third element since the Baileys and Webster did have a reasonable legal alternative to violating the law. In this case, the Baileys had already exercised that reasonable legal alternative by reporting the attempted abduction of their daughter to law enforcement officers. Finally, there is no causal relationship between Webster's criminal action and the avoidance of the threatened harm, which happened a day earlier.

In support of his theory, the defense cites United States v. Rice, 214 F.3d 1295 (11th Cir.

3

2000). In Rice, this Court emphasized that the "first prong [of the Devereaux exception] requires nothing less than an immediate emergency." Rice, 214 F.3d at 1297; see also United States v. Bell, 214 F.3d 1299, 1300-01 (11th Cir. 2000).

In Bell, the Eleventh Circuit held that the defendant failed to establish a justification defense when he proffered that he "possessed the firearm to protect himself against individuals who had shot at and threatened him several days earlier." Bell at 1299. The court further held that because "a felon in possession of a firearm under 18 U.S.C. 922(g)(1) is a strict liability offense, which ordinarily renders a defendant's state of mind irrelevant." Id. at 1300.

Therefore, under Devereaux, the defendant is not entitled to a justification theory of defense since he cannot establish the four necessary elements by a preponderance of the evidence. This court should deny the defendant's requested theory of defense instruction instruction number 1.

   B.   **Innocent Possession.**

The defendant has requested a theory of defense instruction number 2, on "Innocent Possession", an affirmative defense recognized by the D.C. Circuit and the 8th Circuit,[2] though not by the Eleventh Circuit.[3] United States v. Mason, 233 F.3d 619 (D.C. 2000); United States v.

---

[2] The defendant also cites United States v. DeJohn, 368 F.3d 533 (6th Cir. 2004), as authority for "innocent possession," However, a reading of DeJohn, shows that the Sixth Cir. defines innocent possession as "a very narrow defense...requiring the defendant to show that he or another was under an unlawful and imminent threat of death or serious bodily injury, that he had not placed himself recklessly in that situation, that he had no reasonable alternative to violating the law, that a direct causal relationship existed between possessing the firearm and avoiding the threat, and that he did not maintain the illegal conduct any longer than necessary." DeJohn at 546.

[3] See United States v. Styles, 139 Fed.Appx.249 where 11th Circuit considers "innocent possession" only in light of sentencing factor.

Montgomery, 444 F.3d 1023 (8th Circuit 2006).

To establish the defense of innocent possession to a charge of unlawful possession of a firearm by a felon, the facts must reveal that the firearm was attained innocently and held with no illicit purpose, and possession was transitory.  Specifically, in light of the circumstance presented, there is no good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly and reasonably possible. "[A] defendant's actions must demonstrate that he had the intent to turn the weapon over to the **police** and that he was pursuing such an intent with immediacy and through a reasonable course of conduct." Mason at 624 citing, in part, Logan v. United States, 402 A.2d 822, 827 (D.C. 1979).

In the present case, the Eleventh Circuit has not recognized innocent possession as an affirmative defense to a charge of unlawful possession of a firearm by a felon. In the instant case, even if the Eleventh Circuit had recognized innocent possession as an affirmative defense, the defendant should be barred from raising such affirmative defense pursuant to Federal Rule of Criminal Procedure 12(b)(2) and this Court's Order on Arraignment filed November 30, 2006, (Doc.14.), which sets out the Court's deadline for filing pre-trial motions as three (3) days prior to the date of the pretrial conference or December 12, 2006. (The present filing occurred on January 5, 2007, Doc. 29).

Finally, the defendant cannot succeed on said requested theory of defense instruction where the "evidence" presented by the defendant in a statement given to authorities on November 6, 2006, is that the defendant found the firearms in the storage shed at his home two months earlier, which would have been sometime in September 2006.  The defendant admits that he knew it was illegal for him to possess said firearms, and he took no steps to turn the firearms

over to the **police** or in any manner to notify authorities that he was in possession of said firearms. Providing the firearms to his neighbors instead of the police prevents the defendant from succeeding on his second requested theory of defense, innocent possession. Moreover, the defendant admits that he possessed the firearm for two months after purportedly "finding" the firearm. Finally, the defendant took the firearm to the Baileys a day after the alleged threat of death or serious bodily injury to himself or another had passed. Therefore, the defendant's theory of defense number 2, innocent possession, should be denied.

For the reasons stated above, the defendant's theory of defenses, justification and innocent possession, should be denied since the defendant cannot establish the elements of the defenses as required by law. Moreover, this circuit has failed to recognize the innocent possession defense.

Respectfully submitted on this 7th day of January 2007.

                                        LEURA G. CANARY
                                        UNITED STATES ATTORNEY

                                        /s/ Tommie Brown Hardwick
                                        TOMMIE BROWN HARDWICK
                                        Assistant United States Attorney
                                        One Court Square, Suite 201
                                        Montgomery, AL 36104
                                        Phone: (334) 223-7280
                                        Fax: (334) 223-7135
                                        E-mail: tommie.hardwick@usdoj.gov
                                        ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06r266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennifer A. Hart and Donnie Bethel.

                Respectfully submitted,

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ Tommie Brown Hardwick
                TOMMIE BROWN HARDWICK
                Assistant United States Attorney
                One Court Square, Suite 201
                Montgomery, Alabama 36104
                Telephone: (334) 223-7280
                Fax: (334) 223-7135
                E-mail: tommie.hardwick@usdoj.gov