IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06cr266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

**UNITED STATES' LIMITED RESPONSE TO WEBSTER'S MOTION
FOR DISMISSAL OF JURY AND OBJECTION TO COMPOSITION OF THE JURY**

The United States opposes Defendant Paul Eugene Webster's Motion for Dismissal of Jury based upon the Jury Selection & Service Act, (the Jury Act),[1] and upon the Fifth and Sixth Amendments. The Court should not defer resolution of this matter until after trial; based upon the grounds and facts as Webster has presented them in his affidavit,[2] Webster cannot state a valid claim in his Motion.

**I.   Webster's "Historic" Jury Act and Constitutional Claims Are Time-Barred.**

Essentially, Webster has identified two sets of facts to support both his (1) Jury Act claims and (2) constitutional (Fifth and Sixth Amendment) claims. The first set of facts relates to the history of jury selection issues in this District.[3] Because Webster's counsel knew that such issues were litigated or pending in the District, however, Webster's Motion is untimely under both the Jury Act and the Fifth and Sixth Amendments.

---

[1] 28 U.S.C. §1867 et seq.

[2] The United States concedes none of the facts as they are presented in Webster's Motion and Affidavit. It is merely assuming they are true for the purpose of this limited response.

[3] *See* Webster Aff'd at ¶ 6 (Doc. #32).

### A. Webster's "Historic" Jury Act Claims Are Strictly Time-Barred.

First, the Jury Act. If Webster wanted to file a motion dealing with the Jury Act based upon the "historic" issues in this District, then the Jury Act specifically requires that Webster file his motion "before the voir dire examination begins, or within seven days <u>after [he] discovered, by the exercise of diligence</u>, the grounds therefore, <u>whichever is earlier</u>."[4] This timeliness requirement "is to be strictly construed, and failure to comply precisely with its terms forecloses a challenge under the Act."[5] Webster, through his attorneys, knew about the issues surrounding the jury challenges in this district for some time.[6] Webster therefore failed to timely object in order to meet the strict requirement of the Jury Act. His "historic" Jury Act claim must, therefore, be denied as time-barred.

### B. Webster's "Historic" Constitutional Claims Are Also Time-Barred.

Furthermore, if Webster wanted to file a motion based upon violations of his Constitutional rights, the time to do that was prior to his pretrial conference. The arraignment order in this case, dated July 26, 2006, specifically stated that "[a]ll pretrial motions under Fed. Rule 12(b) . . . <u>must</u> be filed no later than August 16, 2006."[7] Rather than filing a pretrial

---

[4] 28 U.S.C. § 1867(a).

[5] *United States v. Bearden*, 659 F.2d 590, 595 (5th Cir. Unit B 1981); *see also Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982) (Decisions by a Unit B panel of the former Fifth Circuit are binding precedent in the Eleventh Circuit.).

[6] Webster Aff'd at ¶ 6 (Docs. #107, 115) (noting the historic problems in this district and citing *United States v. Clay*, 159 F.2d 1357 (M.D. Ala. 2001) and *United States v. Carmichael*, Case No. 2:03-cr-259-MHT).

[7] Doc. #12; *see also Brooks v. United States*, 416 F.2d 1044 (5th Cir. 1969) (no abuse of discretion for trial court who denied constitutional jury challenge based upon the lack of a pretrial filing); *see also Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit rendered prior to October 12, 1981); *Davis v. United*

motion, however, Webster chose to wait until the evening before trial to raise these issues. Webster's "historic" constitutional claims are untimely and should therefore be denied.

**II.     Webster's Individual Jury Claim Is Not Warranted Under the Constitution or the Jury Act.**

The second set of facts that Webster presents relate to the composition of his individual petite jury pool. Obviously, Webster could not have discovered his jury pool's composition prior to Friday, January 5, 2007, and thus would not be time-barred on this portion of his claim. The composition of an individual jury pool, however, is not a basis for relief under the Jury Act or the Constitution.

First, under the Jury Act, Courts have specifically stated that the fact a single panel has fewer African-Americans than the percentage in the population is not a basis for relief. For example, in *United States v. Meredith*,[8] the Fourth Circuit affirmed a decision, denying a Jury Act challenged based upon the composition of a single jury pool. The Circuit noted:

> When the [district] court asked defendants for a specific showing of noncompliance with the Act, defendants stated only that the number of blacks on the jury panel was disproportionately low. The court properly found this fact insufficient to support a challenge to the array. When the court asked defendants for a specific showing of noncompliance with the Act, defendants stated only that the number of blacks on the jury panel was disproportionately low. The court properly found this fact insufficient to support a challenge to the array.[9]

Such a finding only makes sense, when one considers that the Jury Act "provides for the dismissal of an indictment only when there has been a <u>substantial failure</u> to comply with the statutory

---

*States*, 411 US 233, 238 (1973) (holding that objections to composition of grand jury must be raised pretrial.)

[8] 824 F.2d 1418, 1424, n.3 (4th Cir. 1987).

[9] *Id.*.

provisions in selecting the grand or petit jury."[10] Because the composition of an individual jury pool is not a basis for relief under the Jury Act, Webster's motion should be denied.

Likewise, while it is true that the Sixth Amendment guarantees Webster "the right to a jury selected from a group representing a fair cross-section of the community, <u>no requirement exists that petit juries actually chosen</u> must mirror the community and reflect the various distinctive groups in the population."[11] In other words, "a violation of the fair cross-section requirement cannot be premised upon proof of underrepresentation in a single jury" or jury pool.[12] Similarly, in order to prove a violation of the Fifth Amendment, Webster must show, among things, that the alleged violation resulted in the "substantial underrepresentation" . . . "<u>over a significant period of time</u>".[13] The numbers that Webster's can legitimately provide–essentially from one jury pool–are insufficient. His motion and objection should therefore be denied.

---

[10] *Bearden*, 659 F.2d at 600 (citing 28 U.S.C. § 1867(a)). The "substantial failure" requirement applies to all portions of the Act, except the fair cross section requirement found in 28 U.S.C. § 1861. The requirements for a Jury Act fair cross section-claim are identical to a Sixth Amendment cross-section claim. *United States v. Pepe*, 747 F.2d 632, 649 n.17 (11th Cir. 1984) (citations omitted) ("The test for a sixth amendment fair cross-section violation applies in determining a violation of the statutory fair cross-section requirement.")

[11] *United States v. Green,* 742 F.2d 609, 611 (11th Cir 1984) (citing *Taylor v. Louisiana,* 419 U.S. 522, 538 (1975)).

[12] *United States v. Miller*, 771 F.2d 1219, 1228 (9th Cir. 1985) (citing *Taylor*, 419 U.S. at 538 and *Duren v. Missouri*, 439 U.S. 357 (1979)); *see also Foster v. Sparks*, 506 F.2d 805, 834 (5th Cir. 1975) ("[P]roof confined to a single venire is itself of dubious value because fortuity can account for any disproportion that may appear on a particular venire."); *United States v. Holstick*, 875 F.Supp. 795, 800 (M.D. Ala. 1994) (Thompson, J.) ("The fact that, as a result of chance in the selection of a trial jury, a defendant does not reach a black juror or a group of black jurors on the venire list does not violate the sixth amendment.")

[13] *Castaneda v. Partida,* 430 U.S. 482, 494(1977); *United States ex rel. Barksdale v. Blackburn*, 639 F.2d 1115, 1121-22 (5th Cir 1981)

**III.     Conclusion**

Webster's claims of "historic" jury violations in this District should have been filed long ago. To attempt to raise them the day before jury selection is improper both under the Jury Act and under the rules of this Court. Moreover, because his "historic" claims cannot be considered, his claims regarding his individual jury pool are insufficient to sustain a claim under the Jury Act or the Constitution.[14]

Respectfully submitted this 8th day of January, 2007,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Tommie Brown Hardwick
        TOMMIE BROWN HARDWICK
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: tommie.hardwick@usdoj.gov

---

[14] This Motion has been filed in response to Webster's Motion, filed the day before trial. The United States does not concede this substantive arguments, if permitted to have a more through briefing schedule. Thus, to the extent that the Court were to disagree with the United States' currently elaborated grounds, then the United States would request leave to file a more complete brief.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 03:06cr266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jennifer A. Hart, Esq.

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov