IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CASE NO. 3:06-cr-00266-WKW |
| ) | |
| ) | |
| PAUL EUGENE WEBSTER ) | |

**ORDER**

This matter is before the Court on the defendant's Motion for a New Trial and Renewed Motion for Judgment of Acquittal (Doc. # 57). The Court has carefully considered the grounds set forth in the motion and the Government's opposition thereto. For the reasons stated herein, Defendant's motion is due to be denied.

**I. BACKGROUND**

The defendant was charged in the November 16, 2006 indictment:

On or about the 2nd day of November, 2006, in Lee County, Alabama, within the Middle District of Alabama, PAUL EUGENE WEBSTER, defendant herein, having been convicted . . . of . . . a felony . . . did knowingly possess in and affecting commerce a firearm, to wit: a Remington, model 550-1, .22 caliber rifle, no serial number. All in violation of Title 18, United States Code, Section 922(g)(1).

(Doc. # 8.)

Both the government and the defense timely filed proposed jury instructions and voir dire questions. Three days before trial, the defense supplemented its proposed jury instructions with instructions on the theory of defense. (Doc. # 29.) The defense requested instructions on the justification defense and the defense of innocent or transitory possession. The defense also requested that a status conference be held prior to trial in order to receive instruction from the court on the theories of defense. (Doc. # 30.) The government objected to the defendant's proposed theory of

defense instructions on the grounds that the defendant cannot establish the elements of the defenses and that the innocent possession defense has not been recognized in this circuit. (Doc. # 31.)

The trial commenced on January 8, 2007. On the same day the defendant filed a motion to dismiss challenging the composition of the jury venire, (Doc. # 32), which the government opposed. (Doc. # 33.) The court held the requested status conference prior to jury voir dire. The court indicated that it would not give a charge on the innocent possession defense in the absence of Eleventh Circuit authority; nevertheless, the court asked for a proffer as to that defense. (Pretrial Tr. 10:9-14.) The court then delineated the elements of the justification defense as stated in *United States v. Rice*, 214 F.3d 1295 (11th Cir. 2000), asked for the defense's proffer, and agreed to hear the government's argument in opposition. (Pretrial Tr. 10:15-14:18.)

The court heard the defense proffer *ex parte*. (*Id*. 96-105.)[1] The defense represented that its evidence would show that the 10-year-old daughter of Mr. Webster's neighbor was the victim of an attempted abduction during the late afternoon hours of November 1, 2006. By telephone the girl's father asked Mr. Webster to stay with the family until the father could return home that night. Mr. Webster obliged, and the family reported the incident to the police. After the girl's father arrived at home, Mr. Webster returned to his mother's home where he lives. During the night the girl was awakened by a man outside of her window, who she believed was the same man who attempted to abduct her the day before.[2] At approximately 10:00 a.m. on November 2, 2006, Mr. Webster retrieved an unloaded rifle from his mother's shed. He had seen the rifle in the shed approximately two months earlier. The rifle belonged to Mr. Webster's brother. Mr. Webster placed

---

[1] The court sealed this portion of the transcript (Doc. # 46) and later unsealed it at the request of the defense. (Doc. # 56.)

[2] There was no indication in the proffer as to if or when Mr. Webster became aware of this incident.

the rifle, with no ammunition, into the trunk of his car and drove to the neighbor's home. The rifle was in his possession for approximately five to ten minutes. Mr. Webster asked the neighbor if he would like the rifle for protection, and the neighbor took the rifle from him. The defense further represented that evidence would show that another neighbor girl was approached by a man, the police had received four complaints about a man being in the area, and that no arrest was ever made. Other witnesses would testify to the threats to young children, the knocking on the windows, and the failure of the police to respond to the threats.

Based on the proffered evidence, the court ruled that the defendant could not establish all of the elements of the justification defense. Specifically, with respect to the element that the defendant or another person be under an unlawful and present, imminent, and impending threat of death or serious bodily injury, the court stated:

> So first, I don't believe you meet that element. Secondly, I believe too much time passed from the time the threat was first known until the time he delivered the weapon. And I've reviewed those cases in *Rice*. And under the circumstances, as far as the justification defense, I'm not going to allow that and I'm not going to charge on it. I do not believe that the proffer you've made meets the requirements of the justification defense.

(*Id*. 103:8-15.)

The court reserved ruling on the innocent possession defense until the government could be heard. (*Id*. 103:16-104:4.) The government argued that the defendant could not establish the innocent possession defense because the defendant had no intent to turn the firearm over to law enforcement. (*Id*. 107:12-108-15.) Concluding that the proffered evidence is "[i]rrelevant for the elements of this offense or for any affirmative defense as to this offense," (*Id*. 117:5-5), the court sustained the government's objection but allowed for a review of the instruction at the charge conference. (*Id*. 112:6-11.) When defense counsel asked whether she would permitted to discuss

in her opening statement the reasons why Mr. Webster possessed the gun and that the jury could find him not guilty for those reasons, the court precluded the defense from arguing that to the point of saying that the jury should find him not guilty. (*Id*. 112:12-113:2.)

During the defense's opening statement when defense counsel began to talk about the neighbors' daughter, the government objected. (Trial Tr. 14:25-15-2.) The court ruled:

> I'll allow you only to go so far as to say that Mr. [Webster] delivered the gun. I don't want anything about a kidnapping or anything else, any of the factual basis on that. If we get into it and if I rule your way tomorrow, then you can get into it in the evidence and argument at closing. But at this stage of the proceedings, it would unduly influence the jury; and I think it would be prejudicial and lead to confusion.

(*Id*. 16:20-17:3.) Defense counsel clarified, but the government made further objection:

> MS. HART: Okay. So just so that I'm very clear, Your Honor, I can say it was an incident involving the child. In response, Mr. Webster brings the firearm to the home.
>
> THE COURT: I will allow you at this time to argue that to the jury, yes.
>
> MS. HART: Fine.
>
> MS. HARDWICK: Can we caution her not to say why he carried it there, for protection, that she stops short of saying protection?
>
> THE COURT: I would say stop short of protection. Just leave it at that, and then I'll let you know tomorrow how far you go on that.

(*Id*. 17:12-23.)

During its case-in-chief, the government introduced and admitted evidence--a written statement taken by Keith Jordan, an investigator for the Lee County Sheriff's Office, and signed by Mr. Webster--that Mr. Webster took the rifle to the neighbor's house for the ***protection*** of the neighbor's daughter. (*Id*. 19:15-34:3.) It s specifically stated that "I know I'm not supposed to have any firearms, so I thought it would be best to move it out from my house and let the Baileys use it

4

for protection." (*Id.* 31:24-32:1.) The defense alleged prosecutorial misconduct and moved for a mistrial. (*Id.* 28:23; 32:7-12.) The court denied the motion but agreed that the government opened the door to cross-examination on the full content of the statement. (*Id.* 32:13-33:25.) On cross-examination, the defense thoroughly questioned Investigator Jordan regarding the written statement given to him by Mr. Webster. (*Id.* 34:6-40:8; 42:16-44:7; 45:5-46:18.)

The government adduced further evidence from the neighbor, Mr. Bailey, who testified that Mr. Webster brought the firearm to his residence for the safety of his family and that he reported Mr. Webster's possession of a firearm to the police after he learned that Mr. Webster was a convicted felon. (*Id.* 47:24-50:11.) Special Agent Theron Jackson also testified that the firearm was manufactured in New York and therefore moved in interstate commerce. (*Id.* 59:15-17.) At the close of the government's case, the defense moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (*Id.* 64:6-65:4.) The court denied the motion. (*Id.* 66:9-11.)

Before the defendant's case in chief, the court clarified its rulings on the theory of defense instructions. (*Id.* 70:23-96:23.) The court specifically found that, even if the Eleventh Circuit would recognize the innocent possession defense as outlined by the D.C. Circuit in *United States v. Mason*, 233 F.3d 619 (D.C. Cir. 2000), the defendant's proffer did not warrant an instruction on the innocent or transitory possession defense. (Trial Tr. 78:18-79:17.) The court read into evidence the parties' stipulation as to the fact of Mr. Webster's prior felony convictions. (*Id.* 100:1-13.) The defendant put on his case. At the close of evidence, the defense renewed its motion for judgment of acquittal, which the court denied. (*Id.* 176:5-14.) The court held a charge conference, after which the court instructed the jury. Neither a justification defense instruction nor an innocent possession defense

instruction was given. The jury returned a verdict of guilty on January 9, 2007.

## II. STANDARDS

*A.     Motion for Judgment of Acquittal*

The test in considering a Rule 29 motion for judgment of acquittal is whether, viewing all evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314 (11th Cir. 1987).

*B.     Motion for New Trial*

The Defendant also moves for a new trial. Rule 33 states "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interests of justice." The decision whether to grant a new trial is within the sound discretion of the trial judge. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987). However, courts should exercise "great caution" when granting new trials and new trials only should be granted in "exceptional cases." *United States v. Sieklocha*, 843 F.2d 485, 487 (11th Cir. 1988) (citations omitted).

## III. DISCUSSION

The defendant asserts that he is entitled to the entry of a judgment of acquittal "because the government failed to establish the elements of the offense by proof beyond a reasonable doubt and because the Government told the jury the incorrect standard of proof." (Def. Mot. 6.) In the alternative, the defendant asserts that he is entitled to a new trial "based on the numerous trial errors that occurred and based upon the misconduct of the Government" in violation of his rights guaranteed by the Fifth and Sixth Amendment. (*Id*. 5-6.) Specifically, the defendant argues that (1)

6

the court's ruling on the theory of defense instruction was premature; (2) the government opened the door to the proffered theory of defense; (3) the court's failure to give the defense's requested jury instruction was error; and (4) the government's misconduct warranted the granting of a mistrial and a new trial. (*Id.* 7-13.) The defendant further argues for a new trial on the basis that jury selection "violated the requirements of the Middle District of Alabama's Plan for the Random Selection of Grand and Petit Jurors, the Jury Selection Service Act, 18 U.S.C. § 1861 et seq., and Mr. Webster's rights under the Fifth Amendment due Process Clause and the Sixth Amendment guarantee of an impartial jury." (*Id.* 14.) The government opposes the defendant's motions.

### A.  *Motion for Judgment of Acquittal*

The defendant argues that the government's theory that Mr. Webster was in constructive possession of the rifle since he first saw it in his mother's shed in September 2006 is insufficient to support the conviction of § 922(g)(1). The defendant does not address the fact that the government also argued that Mr. Webster was in actual possession of the firearm when he delivered it to Mr. Bailey on November 2, 2006. The defendant does not cite precedent, and this court is not aware of any, limiting the government to one theory of prosecution. Thus, the court need not address whether there was sufficient evidence to find beyond a reasonable doubt that Mr. Webster was in violation of § 922(g)(1) in September 2006, especially where, as here, there was more than sufficient evidence that Mr. Webster was in violation of § 922(g)(1) on November 2, 2006--the date charged in the indictment.

### B.  *The Court's Rulings on the Theories of Defense Instructions*

####     1.  **Timing of the Ruling**

The defendant challenges the timing of the court's ruling on his proposed instruction on the

justification defense. To establish a justification defense to a § 922(g)(1) charge, a defendant must show by a preponderance of the evidence:

> (1) that the defendant was under an unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Rice*, 214 F.3d at 1297 (citing *United States v. Deleveaux*, 205 F.3d 1292, 1297-98 (11th Cir. 2000)). Based on the defense proffer, the court determined that the defendant could not establish the first element of the defense. The proffered evidence did not establish as a matter of law that either Mr. Webster or the neighbor's daughter was under a present, imminent, and impending threat of death or serious bodily injury. Even assuming there was such a threat, by the time Mr. Webster possessed the firearm, there was no longer an "immediate emergency." *Id.* (citing cases where the first element of the justification defense was not established). Simply too much time had elapsed between the attempted abduction of the girl (about 5:00 p.m. on November 1) and Mr. Webster's possession of the firearm (about 10:00 a.m. on November 2). This is so even if Mr. Webster had known about the man outside of the girl's window in the middle of the night, a fact which was not presented in the proffer.

The court then ruled that evidence of the attempted abductions, the man in the neighborhood, and the police investigation or lack thereof was "irrelevant" and "would be prejudicial and lead to [jury] confusion." The defendant argues that the court should have waited to rule on the justification defense until after the defendant put on his case and should not have excluded the evidence. He further argues that the government should have filed a motion in limine. These arguments fail for

three reasons. First, the court held a status conference and gave its ruling upon the ***defendant's request***. Second, although the government did not file a motion in limine, the court notes that the government made a timely objection--prior to trial--to the evidence. Third, it is not improper for the court, ***upon a pre-trial proffer***, to decide a defendant's entitlement to a theory of defense instruction and to exclude irrelevant or prejudicial evidence. *See, e.g., United States v. Harmon*, No. 06-12017, 2007 WL 86820 (11th Cir. Jan. 12, 2007).

### 2. Ruling on Justification Defense

"[A] defendant is entitled to a jury instruction that conveys his theory of defense, 'as long as it has some basis in the evidence and has legal support.'" *United States v. Elso*, 422 U.S. 1305, 1308 (11th Cir. 2005) (quoting *United States v. Nolan*, 223 F.3d 1311, 1313-14 (11th Cir. 2000)). There is no doubt that a justification defense to a § 922(g)(1) charge is a valid defense in this circuit. *See Rice*, 214 F.3d at 1297; *Deleveaux*, 205 F.3d at 1297-98. However, justification must have "some basis in the evidence." Reviewing the proffered evidence in the light most favorable to the defendant, *United States v. Billue*, 994 F.2d 1562, 1568 (11th Cir. 1990), it is clear that the proffer did not establish the first element, let alone all of the elements, of the justification defense. The first element "requires nothing less than an immediate emergency." *Rice*, 214 F.3d at 1297. The defendant's evidence, even if believed by the jury, would not have been legally sufficient to warrant the issuance of the instruction on the justification defense. *Cf. id.* at 1298. Consequently, there was no error in not giving the instruction on the justification defense because it did not deprive Mr. Webster of a viable defense.[3] *See United States v. Orr*, 825 F.2d 1537, 1542 (11th Cir. 1987)

---

[3] Furthermore, there was no error in the court's ruling that the proffered evidence was irrelevant, prejudicial, and likely to cause confusion. *See United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982) (stating that the trial court "has broad discretion in passing on the admissibility of evidence").

9

(finding error only where the proposed instruction was correct, had not been covered by other instructions, and "the failure to give it substantially impaired the defendant's ability to present an effective defense").

### 3. Ruling on Innocent Possession Defense

Although it has not been rejected by the Eleventh Circuit, the innocent or transitory possession defense has not been recognized in this circuit as a defense to a § 922(g)(1) charge. Assuming *arguendo* that it is a legitimate defense, the court ruled that the proffered evidence did not warrant an instruction on the defense. Mr. Webster may have had no illicit purpose and his possession may have been transitory, but no evidence was proffered that he intended to deliver the firearm to law enforcement. *See Mason*, 233 F.3d 619, 624 (D.C. Cir. 2000) (holding that a defendant "must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct" in order to warrant the instruction). Accordingly, the court declined to give the requested instruction. This was not error because it did not deprive Mr. Webster of a viable defense. *See Orr*, 825 F.2d at 1542.

## C.   *Admission of the Defendant's Statement*

### 1. Admission of Other Evidence

The defendant argues that he is entitled to a new trial because it was error not to allow the defendant's evidence on the justification defense after the "door was opened" by the government's admission of Mr. Webster's written statement. The court finds that no error occurred. The defendant was permitted to cross-examine the investigator on the entire content of the statement, including Mr. Webster's reasons for possessing the firearm. This is so even though his state of mind

is irrelevant with respect to a strict liability offense such as § 922(g)(1). The admission of the statement did not require the admission of additional irrelevant evidence through other witnesses.

### 2. Alleged Misconduct

The defendant further argues that he is entitled to a new trial because of the government's misconduct, *i.e.*, it was misconduct for the government to object during the defendant's opening statement that Mr. Webster's possessed the gun for the "protection" of the neighbors and then admit evidence to that effect. The court finds that there was no misconduct and that the admission of the unredacted written statement was nothing more than inadvertence on the part of the prosecutor. Although the government introduced the statement, it was admitted without objection by the defendant, and defense counsel stated that they knew what the statement contained and that the government would introduce the statement. (Trial Tr. 29:21-30:5.) Opening statements are not evidence. (*Id*. 11: 2-6.) No prejudice occurs when a party is not permitted to comment on irrelevant evidence in its opening statement.

### D.   *Jury Selection*

The defendant's motion to dismiss the indictment due to the composition of the jury venire (Doc. # 32) was referred to the Magistrate Judge by order dated March 8, 2007. (Doc. # 51.) The court will consider the motion upon the Recommendation of the Magistrate Judge. Therefore, to the extent the defendant's motion for new trial is based on jury selection, the motion is denied.

## IV.  CONCLUSION

For the reasons stated above, the defendant's motion for new trial and motion for judgment of acquittal (Doc. # 91) is DENIED.

DONE this 8th day of May, 2007.

           /s/  W.  Keith Watkins
    UNITED STATES DISTRICT JUDGE