IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:06cr266-WKW |
| | ) | |
| PAUL EUGENE WEBSTER | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 8, 2007, the defendant filed a motion to dismiss and supporting affidavit challenging the composition of the jury venire. Resolution of the motion was held in abeyance pending the trial. The defendant was convicted at trial; it is now time for the court to consider the motion in which the defendant challenges the jury selection process on statutory and constitutional grounds.[1]

The court does not write on a clean slate. The composition of criminal juries in this district has been subject of intense and detailed scrutiny. *See United States v. Carmichael*, 467 F.Supp.2d 1282 (M.D. Ala. 2006); *United States v. Clay*, 159 F. Supp. 2d 1357 (M.D. Ala. 2001). Most recently, the undersigned Magistrate Judge has concluded that the court's jury selection plan and the implementation of that plan do not violate either the JSSA, 28 U.S.C. §§ 1861, *et seq*, or the Constitution. *See United States v. Siegelman*, 2:05cr119 (M.D. Ala. 2007) (Recommendation of the Magistrate Judge, (doc. # 576). Only in *Clay* did the court conclude that a statutory violation existed, and, as fully explained in *Carmichael* and *Siegelman*, the court implemented a remedy for that problem.

---

[1] The court understands the defendant to raise claims based on the Jury Selection and Service Act ("JSSA") of 1968, 28 U.S.C. §§ 1861-1869; (2) the Sixth Amendment guarantee of a jury drawn from a "fair-cross-section" of the community; (3) the Due Process Clause of the Fifth Amendment to the United States Constitution; and (4) the Equal Protection Clause of the Fifth Amendment to the United States Constitution.

In the instant case Webster argues that his rights have been violated because the venire or jury pool from which his petit jury was drawn underrepresented African Americans because the venire was composed of only 12.5% of African Americans when African Americans constitute approximately 31% of the relevant community.  As a matter of law, underrepresentation on a single venire is insufficient to show a violation of the JSA or the Constitution. *United States v. Meredith*, 824 F.2d 1418, 1424 n.3 (4th Cir. 1987) ("When the court asked defendants for a specific showing of noncompliance with the . . . [JSSA], defendants stated only that the number of blacks on the jury panel was disproportionately low. The court properly found this fact insufficient to support a challenge to the array."). With regard to the Sixth Amendment issues,

> "[Defendant] must demonstrate ... not only that [African-Americans] were not adequately represented on his jury but also that this was the general practice in other venire." *Timmel v. Phillips*, 799 F.2d 1083, 1086 (5th Cir.1986); *see United States v. DeFries*, 129 F.3d 1293, 1301 (D.C.Cir.1997) ( "Under representation of a cognizable group in a single venire, without evidence of a greater pattern, is insufficient to establish the 'systematic exclusion of the group' required by *Duren* [*v. Missouri*, 439 U.S. 357 (1979)] From a small sample size based on one venire it is difficult to determine whether the disparity is random or systemic." (citations omitted)); *Singleton v. Lockhart*, 871 F.2d 1395, 1399 (8th Cir.1989) ("Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion."); *United States v. Miller*, 771 F.2d 1219, 1228 (9th Cir.1985) (holding that the *Duren* Court's use of the plural when describing "venire" from which "juries" are selected indicated that a violation of the under representation element cannot be premised on under representation on a single jury venire).

*United States v. Williams,* 264 F.3d 561, 568 (5th Cir. 2001).  *See also, United States v. Hardwell*, 80 F.3d 1471, 1486 (10th Cir.1996) (defendant "simply argues that systematic exclusion can be inferred from the under representation in a single venire. This argument is without merit.").

There is no need to belabor this discussion.  In *Carmichael* and *Steelman* the court has considered and rejected challenges based on the JSA and all applicable sections of the

Constitution. The defendant's argument based on the composition of a single venire does not demonstrate a violation of law or give rise to a need for the court's further inquiry. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 6, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of May, 2007.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE